J. F. STROOP v. J. R. McKENZIE.

1. In a suit upon a contract to deliver a given quantity of lumber, it is necessary to allege and prove the value of the property not delivered.
2. All the parties signing an obligation are principals, unless it appear otherwise, or it be shown by the express understanding of all the parties to the contract that the relation of principal and surety existed between the makers of the instrument.

APPEAL from Johnson. Tried below before the Hon. Charles Soward.

J. R. McKenzie, executor of Wm. Balch, sued Abernathy & Jenkins and J. F. Stroop on a written obligation as follows, attached to a bill of lumber:

"Forty days after date we promise to deliver to Wm. Balch, at his residence, five thousand feet of pine lumber, in accordance with the above bill, for value received of him, this June 1, 1869.

"ABERNATHY & JENKINS.
"J. F. STROOP."

The petition allowed a credit of 1500 feet, and alleged the reasonable value of the lumber at the date of the obligation, and of filing the suit, at five dollars coin per

thousand ; that the lumber had not been delivered, and a money judgment was asked.

The defendant, Stroop, answered by general denial and under oath that he only signed the obligation as surety for Abernathy & Jenkins, and that the plaintiff has been negligent and has not used the diligence that the law contemplates.

The plaintiff, by amendment, alleged that Abernathy & Jenkins were insolvent, and dismissed as to them.

Verdict and judgment for plaintiff against Stroop, the appellant, for $201.27.

The statement of facts did not show that any value of the plank had been proven.

Motion for new trial was overruled.

*J. C. Rushing*, for appellant.

*Chandler, Carleton & Robertson*, for appellee.—Appellant alleges that the statement of facts does not show that any value of the lumber was proven. This we regard as really the only point in his case, and, even were this true, we think he has utterly failed to place himself in a position to take advantage of it; and upon this point—

1. There are no charges of the court in the record, and we infer that appellant asked none.

2. His motion for new trial does not allege that the verdict was contrary either to law or evidence.

3. The verdict of the jury was based upon the evidence before them, of which they were the best judges, and nowhere, except in his brief, does he complain of the failure in the evidence to sustain the plaintiff's demand.

4. His assignment of errors, after the most strained and liberal construction, cannot be brought to cover such error, if it really exists. Will the court look into anything not covered by the assignment of errors? It has declared repeatedly that it will not.

A party is concluded by his assignment of errors, and the court will not look beyond. (Steen v. The State, 27 Texas, 88.)

All errors not specially assigned are regarded as waived. (Pas. Dig., Art. 2940; Hollingsworth v. Holshousen, 17 Texas, 47; Scott v. The State, 31 Texas, 410; Geiselman v. Brown, 30 Texas, 761; Garner v. Custer, 28 Texas, 184.)

We think, therefore, that the court cannot consider this question, as it is only raised in the brief, and is not a defect going to the foundation of the action.

OGDEN, J.—There is error in the judgment in this cause, which will require a reversal of the same. The note sued on was payable in pine lumber, and the judgment is for dollars, without any proof of the value of the lumber.

It may be true that a note or other obligation, payable in property of any kind, upon default of payment when due, may be collected in dollars; but in order to entitle a party to a moneyed judgment, he must allege and prove, not only a default in payment, according to the terms of the obligation, but also the value of the property promised to be paid or delivered, and in default of such allegation and proof, a judgment for money will be set aside, on an appeal.

We think the court did not err in its rulings upon the plea of suretyship. The note sued on is a joint note, and signed by Abernathy, Jenkins and Stroop; upon the face of the note they are all principals, and are equally liable in the first instance as such, and the payee had a right to look to them, and all of them, for the payment of the note. Neither party to that note can escape responsibility as principal, without alleging and proving that the payee or holder thereof had full knowledge of

the fact; that he signed the same as security, and not as principal; and that the payee or holder consented to take the note, holding him as security only.

Upon the allegation that Abernathy and Jenkins were insolvent, it was not error in the plaintiff dismissing the suit as to them, not served, and prosecuting his suit to judgment as to the other. But for the error first noticed the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.